JUDGE HERB ROSS (Recalled)

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA**
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

**Filed On
7/23/08**

In re

ULF M. PETERSEN,

Debtor(s)

Case No. A07-00481-DMD
In Chapter 13

**MEMORANDUM REGARDING
CONFIRMATION OF AMENDED
CHAPTER 13 PLAN**

1.  <u>INTRODUCTION</u>-  A confirmation hearing was held on July 22, 2008, regarding debtor's amended plan.  After hearing argument and testimony, the court made some tentative rulings, subject to the court verifying the law.  After doing the research I determined to confirm the amended plan: (a) without delaying the voiding of the clerk's deed; and, (b) acknowledging the dischargeability of Erica Richie's § 523(a)(15) property settlement claim for less than full payment; she should get about two-thirds under a full-compliance plan.  This memo is also to make a better record about the court's reasons for confirming.

2.  <u>ERICA RICHIE'S CLAIMS</u>-  At the confirmation hearing, the parties agreed that the priority portion of Erica Richie's Proof of Claim No. 3, amounting to $17,696.15, is for debtor's domestic support obligation to her.

I determined that the balance of her claim, $58,420.67, is unsecured, and not secured. Erica Richie acknowledges that the $58,420.67 claim is one under 11 USC § 523(a)(15) for

property settlement, and not one under § 523(a)(5) for support.[1]  She claimed this amount as a secured claim because she acquired a superior court clerk's deed to debtor's home in an Alaska state divorce court proceeding.  The deed was obtained in violation of the automatic stay, and by entry of the order confirming the plan, it will be deemed void pursuant to orders of Judge Donald MacDonald IV.[2]  At the confirmation hearing on July 22, 2008, Erica Richie's attorney acknowledged that her assertion of a secured claim is based on an equitable mortgage theory premised on the validity of the clerk's deed;  i.e., the deed is really to secure payment of the debt.  Since the deed is void, the debt is unsecured.

     3.  DISCHARGEABILITY OF § 523(a)(15) CLAIM; AMOUNT RICHIE WILL BE PAID- Richie's § 523(a)(15) claim *is* dischargeable in a full compliance (i.e., full payment) case under the terms of 11 USC § 1328(a).  On the other hand, if the debtor fails to fully comply, the balance of the § 523(a)(15) claim will not be discharged.  He will either get a hardship discharge under § 1328(b), or maybe a discharge under chapter 7, or maybe no discharge at all.  In any event, § 1328(b) discharges do not discharge § 523(a)(15) debt; a full compliance discharge under § 1328(a) does discharge § 523(a)(15) debt.

     To analyze what this means, I have prepared a table to calculate approximately what Ms. Richie will receive in a full compliance chapter 13 case under the plan being confirmed.[3]  My numbers are close to what the trustee calculates will be due under the plan.  He says in his case

---

[1]  *See, Objection of Erica Richie to Confirmation of Chapter 13 Plan*, Docket No. 110, filed July 21, 2008: "Richie's claim is for $76,116.82 consisting of $58,420.67 claimed as secured which is a property settlement claim falling within section 523(a)(15) of the code.  There is a $17,696.15 non-dischargeable priority debt which falls within 523(a)(5) of the code. The plan should the amended to differentiate what portion of the monthly payments are being applied to the nondischargeable 523(a)(5) claim and what portions are being applied to the secured claim."

[2]  *Order Regarding Motion for Continued Relief from Clerk's Deed*, Docket 102, filed June 16, 2008, and *Order Regarding Order to Show Cause and Motion to Vacate*, Docket No. 92, filed April 18, 2008.

[3]  *See*, attached spreadsheet titled *A07-00481-DMD, Ulf M. Petersen - Plan Analysis*.

MEMORANDUM REGARDING CONFIRMATION
OF AMENDED CHAPTER 13 PLAN                                                     Page 2 of 4

1  report the plan should pay a total of $69,993.00; my calculations show $69,142.66. The trustee

2  said at the hearing about $63,000.00 to creditors; I came up with $62,228.39.

3       If no more claims are filed,[4] Ms. Richie should start getting about 95% of the unsecured

4  creditors' payments in about October 2010 (after payment of her priority claim of $17,696.15 from

5  the first funds). Debtor listed only a small amount of unsecured debt in his schedules.

6       If debtor complies with the plan, per my calculations a little more than $20,000 of the

7  Richie unsecured claim will be discharged (if more claims are filed, more of Ms. Richie's claim

8  would be discharged; her recovery would be watered down). But, the unpaid balance, whatever it

9  is, will not ride through the bankruptcy and will not be collectable at the other end if debtor fully

10  performs his plan.

11       And, if my analysis is right, the debtor might consider *not* challenging the Richie

12  unsecured claim (he has 20 days to do so), because if he just adheres to the plan he will come out

13  just as well with a discharge as he would by getting the claim reduced (he would have to get at

14  least a $20,000 reduction to improve over just discharging that amount by performing his plan).

15       The calculations also show that if the debtor complies with the confirmation requirements

16  Ms. Richie will receive more from the plan than she would in a chapter 7 liquidation.[5] Ms. Richie

17  claims there is $30,000 in equity in the debtor's home which is not exempt from Richie's divorce

18  judgment. Even if there is $30,000 in equity, the usual 6% transaction costs in a sale would eat up

19  about half of the $30,000. The plan is better for her than a chapter 7.

20      4. STATE COURT CLERK'S DEED WILL BE VOIDED- The clerk's deed entered in favor

21  of Erica Richie will be voided by the confirmation. I originally considered a confirmation order

22  which would void the deed after one-year of plan payment compliance by debtor. I have since

23

24

25       [4] The claims bar date is July 29, 2008.

26       [5] 11 USC § 1325(a)(4).

27

28  MEMORANDUM REGARDING CONFIRMATION
OF AMENDED CHAPTER 13 PLAN                                    Page 3 of 4

1   determined that I could or should not revise the debtor's plan to add this term just because I think

2   it is a neat compromise.

3        First, the clerk's deed was obtained in violation of the automatic stay.  And, even though

4   Judge MacDonald was willing to annul the stay to allow the deed to stand if a plan is not

5   confirmed, he ordered that it be voided if a plan is confirmed by July 25, 2008.

6        Second, there are more than sufficient incentives for debtor to perform the plan instead of

7   using it as a ruse to secrete assets.  The plan buys the possibility of some peace between the

8   warring parties; there is not enough equity in the house to justify such a maneuver; and, debtor

9   would have to abandon the possibility of discharging $20,000 of § 523(a)(15) debt if he does not

10  perform.

11       Third, it is debtor's plan and not mine, and he has not definitely consented to my

12  suggested delay in voiding the deed.

13       Fourth, given the litigious history between the parities, why add a future battle about this

14  issue?

15       DATED:  July 23, 2008

16

17

18                          /s/ Herb Ross
                         HERB ROSS

19                     U.S. Bankruptcy Judge

20  Serve:
     Ulf Peterson, Debtor

21  Hal Gazaway, Esq., 8620 Boundary Ave., Anchorage, AK 99504, for Erica Richie
     Greg Oczkus, Esq., for Erica Richie

22  Larry Compton, Trustee
     US Trustee

23       07/23/08

24

25  Attachment: *Plan Analysis*                                                    D6812

26

27

28  MEMORANDUM REGARDING CONFIRMATION
OF AMENDED CHAPTER 13 PLAN                                   Page 4 of 4